THE BOARD OF IMMIGRATION and JOAO RODRIGUEZ FERNANDES vs. THE HAKALAU PLANTATION, a Corporation.

SUBMISSION UNDER SECTION 1140, CIVIL CODE.

IN VACATION, MARCH, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

Where a labor contract provides that the employer shall pay an additional two dollars in the case of a married man having one child under twelve years of age, the employer is not bound to pay such additional two dollars to an employe who was married, but had no child at the date of the contract, but had a child born to him afterwards.

OPINION OF THE COURT, BY DOLE, J.

This is a submission to the Supreme Court in Banco under the provisions of Sections 1140–1143 of the Civil Code. The agreed statement of facts is as follows:

1. That the defendant is a duly incorporated corporation, incorporated under the laws of the State of California, and doing business in the Hawaiian Kingdom.

2. That on the twenty-seventh day of June, A. D. 1884, the plaintiff Joao Rodriguez Fernandes entered into a contract of service with the Hawaiian Board of Immigration, one of the

plaintiffs hereto, and was duly assigned by said Board, in accordance with said contract, to labor for the defendant, a copy of which said contract is hereto attached and marked Exhibit " A," and has duly performed said contract.

3. That a certain clause of said contract reads as follows, viz : " That the party of the first part in his above specified capacity binds himself that the Board of Immigration shall pay monthly to the party of the second part, as long as this contract lasts, and at the end of each twenty-six days service performed, sixteen dollars to bachelors of 18 years and upwards and married men without children, married men with one child under 12 years two dollars per month more ; and with more than one child under that age, four dollars per month more."

4. That the plaintiff Joao Rodriguez Fernandes is a married man and since the date of said contract; on the twenty-second day of March, 1885, has had born to him a child, who now and ever since has been living with and supported by him.

5. That plaintiffs claim that under said contract the said laborer is entitled to two dollars a month extra from the said twenty-second day of March, 1885, until the termination of said contract, on the ground that he is a " married man with one child under 12 years ; " but that the defendant refuses to pay the same, alleging as reason for such refusal that said clause in said contract relates only to children born at the time of making such contract, and not to children born thereafter.

## By the Court.

It was ascertained from an inspection of the contract in question, Exhibit " A," that the plaintiff Fernandes was married before the contract was made.

The contract referred to was executed in Funchal, and is expressed in general terms which include all classes of prospective laborers, and may be said to be an agreement to engage the laborer or furnish him with employment upon his arrival at the Hawaiian Islands, at such wages as his peculiar circumstances entitle him to, according to the terms of such agreement.

After the arrival of the plaintiff Fernandes at the Hawaiian Islands, he was, in pursuance of the said agreement, directed by the Board of Immigration to work for the Hakalau Plantation Company, the defendant in this case; and the said company joined with the Board of Immigration in the execution of certain stipulations whereby it bound itself to carry out the terms of the said agreement as the employer of the plaintiff Fernandes. This undertaking is dated October 3d, 1884. The child was born March 22d, 1885.

If the child had been born after the execution of the original agreement, but before October 3d, 1884, the date of the execution of the said stipulations between the defendant and the Board of Immigration, it might be well argued that the employer would have been bound by the status of the laborer at that date as to children, that is, that the covenant of the Board of Immigration to pay "married men with one child under 12 years, two dollars per month more," etc., applies to the time of the beginning of the service, and that the employer, who is substituted for the Board of Immigration as the party who receives the benefit of the labor performed and pays for it, would be liable for the extra pay on account of the children then living. But the facts in this case show that this child had not been born to the plaintiff Fernandes either at the date of the original agreement or of the agreement between the Board of Immigration and the defendant.

It seems to us that, without express and unequivocal words to that effect in the original agreement, it cannot be held that the contingency of the birth of children after the beginning of service was contemplated. Such a conclusion would be conjectural, and inconsistent with the principles of construction of contracts. It would have been easy, if such had been the intention of the parties, to have expressed it by the addition of another sentence to the contract.

It is a principle of construction that a contract shall be interpreted with reference to the time when it was made, and to the circumstances existing at that time.

It would be unjust to parties to enlarge their liability on account of subsequent contingencies, unless such possible increase of liability was agreed upon at the date of the contract and plainly expressed in its terms. To hold a party to such additional liability where it was not expressly provided for, would be to hold him to the performance of a new contract to which he was a stranger, or one that was liable to vary from time to time—as children should be born or die—without special provisions therefor.

We are, therefore, of the opinion that the defendant is not liable upon the facts submitted, and is entitled to judgment.

*L. A. Thurston* (President of the Board of Immigration), for plaintiffs.

*F. M. Hatch,* for defendant.

